**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 1:14-cr-00231-WJM-15

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  RICKY GARRISON,
2.  JAMES TILLMON,
3.  CHRISTOPHER MARTINEZ,
4.  FRANCISCO AGUILAR,
5.  SIMEON RAMIREZ,
6.  CHRISTOPHER VIGIL,
7.  TRAVIS EDWARDS,
8.  DONDRAI FISHER,
9.  ARCHIE POOLE,
10.  LUIS RAMIREZ,
11.  MELVIN TURNER,
12.  SHAWN BEARDSLEY,
13.  SIDNEY TAYLOR,
14.  GREGORY WILLIAMS,
15.  **ROBERT PAINTER**, and
16.  LATOYA WIMBUSH

    Defendants.

---

**DEFENDANT ROBERT PAINTER'S MOTION TO DISMISS COUNT ONE**

---

    COMES NOW, defendant Robert Painter, by and through his undersigned counsel, and moves under Fed. R. Crim. P. 12(b)(1) and 12(b)(3)(B)(i) to dismiss Count One of the Indictment, and as grounds states:

    1.    The Indictment charges controlled substance violations. It alleges 71 counts against 16 defendants. Mr. Painter is the 15th of the 16 listed defendants.

    2.    Mr. Painter is included as a defendant in just 8 of the 71 counts, as follows:

      • Count number 1 alleges a single overarching conspiracy among all 16 defendants, occurring over the course of more than a year (June 1, 2013 to June 4, 2014), to distribute four different kinds of controlled substances:  cocaine, cocaine base (crack cocaine), heroin, and methamphetamine.

      • Count number 26 alleges that on January 5, 2014, Mr. Painter and two other defendants were involved in the distribution of methamphetamine near a school in Aurora.  Count numbers 27, 29 and 31 allege that on the same date Mr. Painter used a telephone in connection therewith.  One of the two other defendants named in these counts is the Indictment's first-named defendant, Ricky Garrison.

      • Count number 53 alleges that on March 2, 2014, Mr. Painter and two other defendants were involved in the distribution of a substance containing a detectable amount of cocaine.  Counts 54 and 55 allege that on the same date Mr. Painter used a telephone in connection therewith.  Again, Mr. Garrison is one of the two other defendants named in these counts.

      3.      Thus, the substantive counts in which Mr. Painter is a defendant allege that he was involved in the distribution of a substance containing a detectable amount of cocaine and methamphetamine, but not cocaine base (crack cocaine) or heroin.  And, Mr. Garrison is the only alleged common link with regard to the distribution of a substance containing a detectable amount of cocaine and methamphetamine.

      4.      "An indictment is duplicitous if it charges the defendant with two or more separate offenses in the same count."  *United States v. Washington*, 653 F.3d 1251, 1262 (10th Cir. 2011) (inner quotation marks and citation omitted).  A duplicitous count poses several dangers, including:  (a) the jury may convict the defendant without unanimity among all the

2

jurors regarding the charge of conviction, thereby violating the Sixth Amendment's guarantee to a unanimous jury verdict; (b) the defendant may be prejudiced as to subsequent double jeopardy considerations; and (c) difficulties may be created in the court's ability to determine the admissibility of various items of evidence. *Id*.

5. Listing multiple different drug crimes in a single conspiracy count in a drug case is not automatically duplicitous. A conspiracy charge alleges an agreement among the defendants to commit one or more crimes, and, theoretically, all the conspirators could agree to commit multiple drug crimes by selling multiple kinds of controlled substances. *United States v. Kell*, 41 Fed. Appx. 350, 354 (10th Cir. 2002).

6. However, a charge of a single overarching conspiracy for all the conspirators to commit multiple different crimes poses a significant risk of actually alleging multiple smaller conspiracies. *See, e.g., United States v. Hill*, 786 F.3d 1254, 1266-67 (10th 2015) (defendant was part of small conspiracy to commit one robbery, not part of larger alleged conspiracy to commit multiple robberies). When one multiple-crime conspiracy is charged but the allegations support multiple smaller conspiracies, then additional analysis regarding spillover prejudice is required, to assess (among other factors) whether the jury would be meaningfully able to compartmentalize the defendant's alleged individual actions in the context of the multiple smaller conspiracies involving different defendants committing different crimes. *See Hill*, 786 F.3d at 1267-71 (analyzing factors, although finding no prejudice under the facts present in that case).

7. Here, although the conspiracy charge alleges that all 16 defendants in the Indictment were members of just one conspiracy, none of the 70 substantive counts in the Indictment includes more than three defendants, and most of the 70 substantive counts allege just

3

two defendants – with Mr. Garrison generally being one of the two defendants.  Accordingly, the content and structure of the Indictment as a whole demonstrates, if anything, the presence of many separate conspiracies to sell different kinds of drugs, with Mr. Garrison as the common defendant among the large majority of the separate conspiracies.[1]

8.      "In *Kotteakos v. United States*, the Supreme Court decided many separate conspiracies do not become one merely because they all included a common defendant." *United States v. Baldridge*, 559 F.3d 1126, 1136 (10th Cir. 2009), citing *Kotteakos*, 328 U.S. 750, 769 (1946).  Rather, "separate spokes meeting at a common center (a common defendant) constituting a wheel are a single conspiracy only if those spokes are enclosed by a rim (a common illicit goal)." *Baldridge*, 559 F.3d at 1136, citing *Kotteakos*, 328 U.S. at 775.

9.      Similarly, "a single conspiracy does not exist solely because many individuals deal with a common central player; they must be interconnected in some way." *United States v. Evans*, 970 F.2d 663, 670 (10th Cir. 1992), discussing *Kotteakos*, 328 U.S. at 773.  A required element of a conspiracy is "interdependence" among the conspirators, meaning that "each alleged coconspirator depends on the operation of each link in the chain to achieve the common goal." *Evans*, 970 F.2d at 670 (inner quotation marks, ellipses, and citation omitted).

10.     Continuing to cite *Kotteakos, Evans* also states:

> Separate spokes meeting at a common center constitute a wheel conspiracy only if those spokes are enclosed by a *rim.  Id.* [*Kotteakos*, 328 U.S. at 773.] What is required is a *shared,* single criminal objective, not just similar or parallel objectives between similarly situated people.  *See id.* at 769, 66 S.Ct. at 1250 (Court cautioned that considering all of the illegal loan participants as part of a single illegal conspiracy "obviously confuses the common purpose of a single enterprise with the *several, though similar,* purposes of numerous separate adventures of like character") (emphasis added).  It is not enough that a group of people separately intend to distribute drugs in a single area, nor even *671 that their activities

---

[1] To the extent that there was any conspiratorial conduct, the existence of separate, smaller conspiracies, as opposed to a single overarching conspiracy, is demonstrated by the facts set forth in the Defendants' Joint Motion for Specific Discovery (Doc. 611).

4

occasionally or sporadically place them in contact with each other. People in the same industry in the same locale (even competitors) can occasionally be expected to interact with each other without thereby becoming coconspirators. What is needed is proof that they intended to act *together* for their *shared mutual benefit* within the scope of the conspiracy charged.

*Evans*, 970 F.2d at 670-71 (emphases in *Evans*).

11.     The precepts from *Kotteakos* which the Tenth Circuit discussed in *Evans* and *Baldridge* apply to the Indictment here. The underlying facts, as well as the substantive counts demonstrate that Count One is duplicitous. Waiting to address the multiple conspiracies at trial will only create more complexity and risk of error later in the case. *See, e.g.,* Tenth Circuit Criminal Pattern Jury Instructions 2.20 ("Conspiracy: Evidence of Multiple Conspiracies") and 2.87 ("Controlled Substances-Conspiracy 21 U.S.C. §846). Perhaps it's convenient to allege a single overarching conspiracy, but such a conspiracy did not actually exist. In its present form, Count One should be dismissed.

WHEREFORE defendant Robert Painter requests dismissal of Count One.

Dated:  October 9, 2015

Respectfully submitted,

*s/ Patrick J. Burke*
Patrick J. Burke
Patrick J. Burke,
999 18th Street, Suite 2055
Denver, Colorado 80202
303-825-3050
303-825-2992 fax
Patrick-J-Burke@msn.com

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 9th day of October, 2015, I electronically filed the foregoing **DEFENDANT ROBERT PAINTER'S MOTION TO DISMISS COUNT ONE** with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following**:**

Zachary Phillips, Zachary.phillips@usdoj.gov
Wayne Campbell, Wayne.campbell@usdoj.gov
*Assistant United States Attorneys*

Mitchell Baker, mitchbaker@estreet.com
James A. Castle, jcastlelaw@gmail.com
Leslee Anne Barnicle, barniclelaw@aol.com
Lisa Monet Wayne     Lmonet20@me.com
Robert Seldis Berger     robberger@qwestoffice.net
Thomas Richard Ward     tward@wardlawdenver.com

                                    *s/ Jennifer J. Feldman*